THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CLIFFORD H. HUBBELL and MAUDE HUBBELL, Appellants.

County Court, Chenango County, November 8, 1941.

*William J. Gordon*, for the appellants.

*Lester R. Mosher, District Attorney*, for the respondent.

BARNES, J. The defendants have moved for a further return of the justice, basing their argument upon two points which will be considered separately.

*First*, the defendants were arrested upon the warrant issued upon an information charging the defendants and a certain other person with the offense of disorderly conduct. The justice has recited in his return the disposition of the other defendant. To this the defendants object, maintaining that the justice's return should not mention the name of the other joint defendant or the disposition of this case. Part of the return consists of the information charging three defendants with having committed the offense. That is a necessary part of the justice's return. The justice, apparently, felt that an explanation showing why the other defendant was not being tried with these defendants would furnish a more complete history of the case. This may not have been necessary, but it cannot be harmful to these defendants.

*Second*, the defendants asked that the justice be compelled to submit the minutes of the testimony taken by himself upon the trial. The return shows that the evidence was taken stenographically and has been transcribed and made a part of the justice's return. The defendants contend that this is not in compliance with the requirements of law. The Court of Appeals has quite recently passed upon similar questions and has, by inference, at

least, approved of the method of the justice in keeping the minutes of the testimony by use of a stenographer. (*People* v. *Wilkins*, 281 N. Y. 224; *People* v. *Schenkel*, 256 id. 539.) The return of the justice *implies* that the evidence was taken by a stenographer under the direction of the justice, but does not specifically state those facts; likewise the contents of the evidence infers that the defendants' attorney treated the stenographer as the official stenographer in the case. If the evidence was taken under the direction of the justice it is sufficient, and I will direct an order that the justice amend the return by showing whether or not the evidence was taken under his direction or by a stranger to the proceeding, and to set forth the facts upon that question. The motion is denied except as to that question.

Submit order accordingly.